**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADLEY SMITH,<br><br>                Plaintiff-Appellant,<br><br>  v.<br><br>NESTER LOPEZ; et al.,<br><br>                Defendants-Appellees. | No. 15-16838<br><br>D.C. No. 2:13-cv-00892-GMN-PAL<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted March 8, 2017**

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges

Bradley Smith appeals pro se from the district court's judgment dismissing

his action under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971), alleging claims arising from a workplace dispute.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under Fed. R. Civ. P. 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Smith's Fourteenth Amendment equal protection claim because Smith failed to allege facts sufficient to show that he was treated differently from other similarly situated individuals. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (elements of "class of one" equal protection claim).

The district court properly dismissed Smith's First Amendment retaliation claim because Smith failed to allege facts sufficient to show that he attempted to engage in protected speech. *See Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003) (to establish a First Amendment retaliation claim, plaintiff must show he spoke on a matter of public concern; speech that concerns individual personnel disputes and grievances is generally not of public concern); *see also Blaisdell v. Frappiea*, 729 F.3d 1237, 1246 (9th Cir. 2013) ("[A]ssociational rights only extend to groups engaged in expressive activities.").

The district court properly dismissed Smith's Ninth Amendment claim because the Ninth Amendment "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986).

We reject as unsupported by the record Smith's contention that the district

15-16838

court was biased against him.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 893, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**